UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TAMARA S. HAGUE,

        Plaintiff,

                              Civil Action 2:18-cv-419
                              Chief Judge Edmund A. Sargus, Jr.
      v.                        Magistrate Judge Chelsey M. Vascura

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

      Plaintiff, Tamara S. Hague ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income.  This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 8), the Commissioner's Memorandum in Opposition (ECF No. 16), Plaintiff's Reply (ECF No. 9), and the administrative record (ECF No. 7).  For the reasons that follow, the undersigned **RECOMMENDEDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## I.      BACKGROUND

      Plaintiff filed her application for disability insurance benefits and supplemental security income on May 11, 2015, alleging disability since May 20, 2013.  (R. at 187, 189.)  Plaintiff's

application was denied initially and upon reconsideration. (R. at 70-71, 96-97.) Plaintiff sought a *de novo* hearing before an administrative law judge. Administrative Law Judge Gregory Moldafsky (the "ALJ") held a hearing on May 11, 2017, at which Plaintiff, represented by counsel, appeared and testified. (R. at 58-108.) On July 26, 2017, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 15-26.) On March 17, 2018, the Appeals Council denied Plaintiff's request for review and affirmed the ALJ's decision. (R. at 1-6.) Plaintiff timely filed this action for review. (ECF No. 1.)

Plaintiff advances two errors in her Statement of Errors. Specifically, Plaintiff asserts that remand is required because (1) the ALJ failed to consider the opinions of the state agency psychologists; and (2) the ALJ's mental residual functional capacity is not supported by substantial evidence. The undersigned finds the first contention of error to be well taken and concludes that consideration of the second contention of error is unnecessary. The undersigned therefore limits her discussion below to Plaintiff's first contention of error.

## II.     RELEVANT RECORD EVIDENCE

### A.     State Agency Psychologists

#### 1.     State Agency Evaluating Psychologist

Dr. Steven J. Meyer, Ph.D., evaluated Plaintiff on January 21, 2015, at the request of the Ohio Division of Disability Determination. (R. at 623-28.) Plaintiff reported that she suffers from bipolar symptoms and depression. She indicated that she lives with her daughter, her daughter's boyfriend, and her three grandchildren. She reported that she recently ended a relationship with a boyfriend.

Plaintiff stated that she rises at 5:00 or 6:00 in the morning and then "sits around" most of

the day. (R. at 625.) She indicated she does not eat or sleep well, she does not have friends, and she does not attend church or perform cleaning, cooking, or shopping. She added that she texts and talks on the phone with her children and that she talks with her sister over the phone three times per week.

Dr. Meyer observed Plaintiff to be adequately groomed, though he noted "[h]er hands were dirty." (R. at 625.) Plaintiff's affect was constricted, and her mood was moderately dysphoric, anxious, and irritable. He indicated there "was evidence of mild psychomotor agitation," and stated that Plaintiff reported she feels hopeless, guilty, and worthless. (R. at 625.) Plaintiff also reported manic symptoms of irritable mood, racing thoughts, and pressured speech that occur for three days, 1-2 times per month. She stated that she feels anxious when "riding in a car [or] going into a store." (*Id.*) She reported panic attacks that occur once per week that include shortness of breath, dizziness, lightheadedness, nausea, and hot flashes. Plaintiff denied experiencing auditory or visual hallucinations. She was sufficiently oriented and had no difficulty understanding simple or moderately complex instructions. Dr. Meyer further noted that Plaintiff's short-term memory was impaired and that her long-term memory was below average.

Dr. Meyer assigned diagnoses of panic disorder without agoraphobia and bipolar affective disorder, mixed. (R. at 626.) In his functional assessment, Dr. Meyer opined that Plaintiff has the cognitive capacity to understand, remember, and carryout simple and moderately complex routine instructions and tasks. He further opined that she would be expected to perform adequately in a workplace setting without strict production requirements and with additional assistance available as needed at times of performing new tasks and at times of change in

routine.  In addition, Dr. Meyer opined that Plaintiff should be limited to a nonsocial/solitary position with at most intermittent contact with coworkers and supervisors and to a low-stress work setting.  (R. at 627.)

### 2. State Agency Reviewing Psychologists

On June 13, 2015, state agency reviewing psychologist Dr. Deryck Richardson, Ph.D., reviewed Plaintiff's records and concluded that Plaintiff was moderately limited in various categories of memory and concentration and persistence, as well as social interaction and adaptation.  More specifically, Dr. Richardson opined that Plaintiff can perform simple routine tasks, carry out short/simple instructions, make simple decisions, and adequately adhere to a setting without high production standards or a requirement to work rapidly.  (R. at 115-16.)  In addition, Dr. Richardson opined that Plaintiff can interact with familiar groups of people and, although she is limited in her ability to respond appropriately to harsh criticism from supervisors, she can relate adequately on a superficial basis in an environment that entails infrequent public contact and requires no over-the-shoulder supervision.  (R. at 116.)  On August 17, 2015, State Agency reviewing psychologist Dr. David Dietz, Ph.D., reviewed Plaintiff's records and adopted Dr. Richardson's findings.

### B. The ALJ's Decision

On July 26, 2017, the ALJ issued his decision.  (R. at 15-26.)  At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff has not engaged in substantial gainful

---

1.  Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence.  *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, see *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

activity since May 20, 2013.  (R. at 17.)  The ALJ found that Plaintiff has the severe impairments

of affective disorder (bipolar and depression) and anxiety disorder.  (*Id.*)  He further found that

Plaintiff did not have an impairment or combination of impairments that met or medically

equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.

(R. at 15.) At step four of the sequential process, the ALJ set forth Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is able to perform simple (as defined in the Dictionary of Occupations Titles (DOT) as Specific Vocational Preparation (SVP) levels 1 and 2), routine, repetitive tasks, in a work environment that is not fast paced (i.e., work that is goal based or measured by end result, no pace work); limited to incidental interaction with the public and occasional interaction with coworkers and supervisors and no over the shoulder supervision; limited to jobs where changes in job processes or setting are no more than occasional to few, and where any changes are explained in advance and limited to jobs where the individual's job responsibilities are accomplished without the need for close teamwork or tandem work.

(R. at 20.)  Relying on testimony from a vocational expert, the ALJ found that Plaintiff is unable

---

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); see also *Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

to perform any past relevant work, but that there exist jobs in significant numbers in the national economy that Plaintiff is able to perform. (R. at 24, 25.) The ALJ therefore concluded that Plaintiff was not disabled under Section 1614(a)(3)(A) of the Social Security Act. (R. at 26.) Although the ALJ referenced Dr. Meyer's opinion in assessing whether Plaintiff meets or medically equals a listed impairment, he did not weigh or otherwise mention that opinion again, including when assessing Plaintiff's RFC. The ALJ failed to mention the opinions of Drs. Richardson and Dietz in his opinion.

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is

substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV.  ANALYSIS

Plaintiff contends that remand is proper because (1) the ALJ failed to appropriately weigh and consider the opinions of the state agency psychologists; and (2) the ALJ's mental RFC is not supported by substantial evidence.  The undersigned finds that Plaintiff's first contention of error has merit and necessitates remand.  The undersigned therefore declines to address Plaintiff's second contention of error.

The ALJ must consider all medical opinions that he or she receives in evaluating a claimant's case.  20 C.F.R. § 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive."). The applicable regulations define medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. § 416.927(a)(1); *see also* SSR 96–8p, 1996 WL 374184, *7 (July 2, 1996) ("The RFC assessment must always consider and address medical source opinions.").  Like other medical source opinions, the ALJ

must consider state agency medical opinions. *See* 20 C.F.R. § 416.913a(b)(1) ("Administrative law judges are not required to adopt any prior administrative medical findings, but they must consider this evidence according to §§ 416.920b, 416.920c, and 416.927, as appropriate, because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."); SSR 96-6p, 1996 WL 374180, *2 (July 2, 1996) (administrative law judges are required to consider state agency medical "findings of fact about the nature and severity of an individual's impairment(s) as opinions of nonexamining physicians and psychologists. Administrative law judges and Appeals Council are not bound by findings made by State agency . . . but they *may not ignore these opinions* and must explain the weight given to the opinions in their decisions.") (emphasis added).

Regardless of the source of a medical opinion, in weighing the opinion, the ALJ must apply the factors set forth in 20 C.F.R. § 416.927(c), including the examining and treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the source. "In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6p, 1996 WL 374180, *3; *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 (6th Cir. 2016) (state-agency medical consultants are "highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the [Social Security] Act;" thus, in some cases, "an ALJ may assign greater weight to a state agency consultant's opinion than to that of a treating . . . source." (first alteration in original) (internal quotation marks omitted)); *Hoskins v. Comm'r of Soc. Sec.*, 106 F. App'x 412, 415 (6th Cir. 2004) ("State agency medical

consultants are considered experts and their opinions may be entitled to greater weight if their opinions are supported by the evidence.").

Here, the ALJ failed to weigh or otherwise explicitly consider the opinions of the state agency reviewing psychologists, Drs. Richardson and Dietz. As for state agency evaluating psychologist, Dr. Meyer, the ALJ referenced his opinion in determining Plaintiff does not meet or medically equal a listed impairment (R. at 18), but he failed to otherwise consider or weigh the opinion either expressly or implicitly. The Commissioner does not dispute that the ALJ erred in failing to weigh or otherwise consider the opinions, but insists the error was harmless. The undersigned disagrees.

The Commissioner correctly points out that the failure to weigh a medical source opinion amounts to nothing more than harmless error where the RFC assessed by the ALJ accommodates the restrictions set forth in the opinions. *Cf. Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 547 (6th Cir. 2004) (stating that violations of the procedural rules within the treating physician context constitutes harmless error if the ALJ's decision "makes findings consistent with the opinion"). The Sixth Circuit has held that where an ALJ's opinion satisfies the goal of § 416.927 and is otherwise supported by substantial evidence, the failure to explicitly provide the weight assigned is harmless. *See, e.g.*, *Pasco v. Comm'r of Soc. Sec.,* 137 F. App'x 828, 839 (6th Cir. 2005) (harmless error where the ALJ failed to mention or weigh the report of consultative neurologist who only evaluated plaintiff once and was not a treating source); *Dykes v. Barnhart*, 112 F. App'x 463, 467–69 (6th Cir. 2004) (failure to discuss or weigh opinion of consultative examiner was harmless error); *cf. Friend v. Comm'r of Soc. Sec*., 375 F. App'x 543, 551 (6th Cir. 2010) (explaining that the treating physician rule "is not a procrustean bed, requiring an arbitrary

9

conformity at all times. If the ALJ's opinion permits the claimant and a reviewing court a clear understanding of the reasons for the weight given a treating physician's opinion, strict compliance with the rule may sometimes be excused.").

Here, however, the RFC assessed by the ALJ does not account for the restrictions opined by the state agency reviewing psychologists, Drs. Richardson and Dietz. Both Drs. Richardson and Dietz opined that Plaintiff experiences the following limitations in social interaction:

> Clmt can interact w/ familiar groups of people but her symptoms place restrictions upon her ability to interact with others in a work setting. Clmt's symptoms limit her from responding appropriately to harsh criticism from supervisors. However, she can relate adequately on a superficial basis in an environment that entails infrequent public contact and requires little over the shoulder supervision.

(R. at 80.)

Although the RFC assessed by the ALJ accommodates various of these restrictions, it fails to limit Plaintiff to superficial interaction with others. The Commissioner maintains that the RFC accounts for this restriction by limiting Plaintiff to occasional interaction with co-workers and supervisors. *See* Op. at 11, ECF No. 16 (stating that "[i]n keeping with the restrictions, the ALJ made a RFC restriction that limited Plaintiff to only incidental interaction with the public, and only occasional interaction with co-workers and supervisors."). The terms "occasional" and "superficial," however, are not interchangeable. *See Hurley v. Berryhill*, No. 1:17-CV-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018) ("'Occasional contact' goes to the quantity of time spent with [ ] individuals, whereas 'superficial contact' goes to the quality of the interactions.") (citations omitted). Given the ALJ's failure to weigh the opinions or otherwise explain his reasoning for excluding these restrictions, remand is necessary. *See, e.g., Barker v. Astrue*, No. 5:09 CV 1171, 2010 WL 2710520, at *5–6 (N.D. Ohio July 7, 2010) (finding that the

ALJ erred by failing include in plaintiff's "RFC the prior ALJ's findings, as adopted by the state agency physicians, that Plaintiff have no interaction with the public and only superficial interaction with co-workers and supervisors" where the ALJ only "limited Plaintiff to no more than *occasional* interaction with the public (as opposed to no interaction with the public, as in ALJ Hafer's assessment), and he made no mention of whether and to what extent Plaintiff can interact with co-workers and supervisors"); *Hurley*, 2018 WL 4214523, at *4 (explaining that "occasional" and "superficial" are not interchangeable terms and finding that the ALJ erred in making no attempt to explain the basis of his decision to limit plaintiff to occasional rather than superficial interactions) (citing *Gidley v. Colvin*, No. 2:12-CV-374, 2013 WL 6909170, at *12 (N.D. Ind. Dec. 30, 2013)); *Cote v. Colvin*, No. 16-CV-57-SLC, 2017 WL 448617, at *7 (W.D. Wis. Feb. 2, 2017) ("The ALJ did not explain his reasons for only limiting the quantity and not the quality or duration of plaintiff's social interaction, even though several of the physicians whom he credited made clear that plaintiff's difficulties related to the quality of the interaction.").

The ALJ's inclusion of "no over the shoulder supervision," in the RFC, though consistent with Drs. Richardson's and Dietz's opinions, likewise fails to account for their opinion that Plaintiff is limited to superficial interaction. Rather, administrative law judges generally use the phrase "no over the shoulder supervision" to mean only occasional supervision, which again goes to the *frequency* of supervision. *See*, *e.g.*, *Rasnake v. Comm'r of Soc. Sec.*, No. 3:12-cv-36, 2013 WL 80361, at *1 (S.D. Ohio Jan. 7, 2013) (quoting ALJ opinion that limited the plaintiff to "only occasional supervision (*defined as no 'over the shoulder' supervision*)") (emphasis added); *Vance v. Comm'r of Soc. Sec.*, No. 3:11-cv-172, 2012 WL 1931863, at *7 (S.D. Ohio May 29,

2012) (same); *see also Ciciliano v. Berryhill*, No. 3:16-cv-510, 2018 WL 1531495, at *6 (S.D. Ohio Mar. 29, 2018) (quoting ALJ opinion that limited Plaintiff to workplaces without "close (*i.e. 'over-the-shoulder'*) supervision") (emphasis added); *Martin v. Comm'r of SSA*, No. 1:12-cv-0766, 2013 WL 1947176, at *6 (N.D. Ohio Apr. 12, 2013) (ALJ opinion equates a lack of "over the shoulder supervision" with "more remote supervision").

To be clear, the ALJ's RFC is not required to mirror or parrot medical opinions verbatim. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). Here, however, the ALJ's failure to explicitly consider the state agency opinions and to accommodate corresponding restrictions in the RFC prevents this Court from conducting meaningful review to determine whether substantial evidence supports his decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11CV1095, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10-295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote*, 2017 WL 448617, at *7 (requiring the ALJ to "build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment").

In sum, the undersigned finds that reversal is warranted because the ALJ's failure to weigh or otherwise consider the state agency opinions was not harmless error because the RFC he assessed fails to accommodate the limitations set forth in those opinions. This finding obviates the need to analyze and resolve Plaintiff's remaining contention of error. Nevertheless, on remand, the ALJ may consider Plaintiff's remaining assignment of error if appropriate.

## V.    CONCLUSION

Due to the error outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). The undersigned therefore **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## VI.    PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED**.


 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE