# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TAMARA S. HAGUE,

        Plaintiff,                   Case No. 2:18-cv-419

  -v.-                                       Judge Sarah D. Morrison
                                            Magistrate Judge Chelsey M. Vascura

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## OPINION AND ORDER

Plaintiff Tamara S. Hague brings this action under 42 U.S.C. § 405(g) for review of a final decision by the Commissioner of Social Security ("Commissioner") to deny her application for disability insurance benefits and supplemental security income. This matter is before the Court on the Commissioner's Objections (ECF No. 21) to the Report and Recommendation (R&R) issued by the United States Magistrate Judge on February 27, 2019 (ECF No. 20), recommending that the Court reverse the Commissioner's decision. For the reasons set forth below, the Court **SUSTAINS** Plaintiff's Statement of Specific Errors, as to the first argument raised; **OVERRULES** the Commissioner's Objections; **ADOPTS** the R&R, as modified here; and **REVERSES** the Commissioner's decision and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration.

There are also three additional motions pending before this Court, the Commissioner's Motion for Leave to File Defendant's Objections to Magistrate Judge Vascura's Report and Recommendation *Instanter* (ECF No. 22) and Ms. Hague's Motions for Leave to File both a

1

Supplemental Response to the Commissioner's Motion for Leave to File *Instanter* and a Response to the Commissioner's Objections to the R&R (ECF No. 25). For the reasons set forth below, the Commissioner's Motion for Leave to File *Instanter* is **GRANTED**, Ms. Hague's Motion for Leave to File a Supplemental Response to the Commissioner's Motion is **GRANTED**, and Ms. Hague's Motion for Leave to File a Response to the Commissioner's Objections to the R&R is **DENIED** as moot.

## I. BACKGROUND

### A. Procedural History

Ms. Hague filed her application for disability insurance benefits and supplemental security income on May 11, 2015. (R. at 187, 189, ECF No. 7.) Her claims were denied initially on June 15, 2015, and upon reconsideration on August 18, 2015. (*Id.* at 70–71, 96–97.) Ms. Hague requested a *de novo* hearing before an administrative law judge ("ALJ"), which was held on May 11, 2017. (R. at 39–69.) On July 26, 2017, the ALJ issued his decision finding that Ms. Hague was not disabled within the meaning of the Social Security Act. (R. at 15–26.) On February 28, 2018, the Appeals Council denied Ms. Hague's request for review and affirmed the ALJ's decision. (R. at 1–6.)

Ms. Hague filed this case on May 2, 2018 (ECF No. 1), and the Commissioner filed the administrative record on August 27, 2018 (ECF No. 7). Ms. Hague filed a Statement of Specific Errors (ECF No. 8), to which the Commissioner responded (ECF No. 16), and Ms. Hague filed a Reply (ECF No. 19). On February 27, 2019, the Magistrate Judge issued her R&R. (ECF No. 20.) After a thorough analysis, the Magistrate Judge recommended reversing the Commissioner's non-disability finding and remanding the case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration. On March 14, 2019, the Commissioner filed her

Objections to the Magistrate's R&R. (ECF No. 21.) On March 20, 2019, Ms. Hague filed her Response to the Commissioner's Objections. (ECF No. 25.)

**B. Relevant Record Evidence**

**1. State Agency Reviewing Psychologists**

On January 21, 2015, Ms. Hague was evaluated by Dr. Steven Meyer, Ph.D., at the request of the Ohio Division of Disability Determination. (R. 622–28.) On June 13, 2015, a state agency reviewing psychologist, Dr. Deryck Richardson, reviewed Ms. Hague's medical records, including Dr. Meyer's report. (R. at 77–81.) Upon doing so, Dr. Richardson concluded, as relevant here, that Ms. Hague could "interact [with] familiar groups of people but [that] her symptoms place restrictions upon her ability to interact with others in a work setting. [Her] symptoms limit her from responding appropriately to harsh criticism from supervisors. However, she can relate adequately on a superficial basis in an environment that entails infrequent public contact and requires little over the shoulder supervision." (R. at 80.) On August 17, 2015, a second state agency reviewing psychologist, Dr. David Dietz, Ph.D., reviewed Ms. Hague's medical records and adopted Dr. Richardson's findings, including the conclusion quoted above. (R. at 102–06.)

**2. Hearing Testimony and ALJ's Decision**

At the administrative hearing, a vocational expert, Connie O'Brien, testified. (R. at 63–67.) The ALJ posed a hypothetical to Ms. O'Brien wherein he asked her to consider an individual who "would be limited to incidental interaction with the general public, occasional interaction with supervisors and co-workers and no over-the-shoulder supervision" and who would be limited to working "without close team work or tandem work," along with a number of other limitations not relevant here. (R. at 63–64.) When asked to consider what jobs such an

individual could perform, Ms. O'Brien identified a landscape worker, an order picker, a floor waxer, and a box marker. (R. at 64–65.)

Later, in his decision, the ALJ assessed that Ms. Hague "has the residual functional capacity to perform a full range of work at all exertional levels but with" a number of "nonexertional limitations," including that she be "limited to incidental interaction with the public and occasional interaction with coworkers and supervisors and no over the shoulder supervision" and that she be "limited to jobs where the individual's job responsibilities are accomplished without the need for close teamwork or tandem work." (R. at 20.) Based on this assessment, and based on Ms. O'Brien's testimony, the ALJ concluded that Ms. Hague was not disabled within the meaning of the Social Security Act. (R. at 26.)

## II. MOTIONS FOR LEAVE TO FILE

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties objecting to a report and recommendation have fourteen days to file their responses. Parties wishing to respond to these objections have another fourteen days to file a response. Fed. R. Civ. P. 72(b)(2). These deadlines are not jurisdictional. *See Thomas v. Arn*, 474 U.S. 140, 144, 155 (1985) (noting Sixth Circuit rule that failure to file objections to magistrate's report and recommendation within timely manner waived appellate review is nonjurisdictional, so default may be excused in the interests of justice); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994) (upholding ability to waive similar rule in the case of a late filing). As a result, the Court is permitted to consider the Commissioner's objections. *See Hunger*, 15 F.3d at 668.

Given that the filing in this case "was not egregiously late and caused not even the slightest prejudice to" Ms. Hague, the Court finds it unnecessarily harsh to bar the Commissioner's objections. *See id.* The Commissioner represents that she filed her objections

4

fewer than two hours late (ECF No. 24, at 2–3), which the Court has no reason to doubt. The Court does doubt that such a small delay in any way prejudiced Ms. Hague. Indeed she makes no allegation that it did. (*See* ECF Nos. 23, 25.) Based on the minimal breach of the rule and the lack of any apparent prejudice, the Court grants the Commissioner's Motion for Leave to File her Objections *Instanter*.

In turn, Ms. Hague seeks leave to file a Supplemental Response to the Commissioner's Motion for Leave to File (i.e., a response to the Commissioner's reply). (ECF No. 25.) While the Court finds the response to be gratuitous and unnecessary because the Commissioner's reply (ECF No. 24) is a great deal more substantive than the Commissioner's initial motion (ECF No. 22), in the interest of fairness, the Court grants Ms. Hague's motion.

Finally, Ms. Hague also seeks leave to file a Response to the Commissioner's Objections to the R&R. (ECF No. 25.) Given that Rule 72 specifically permits such a response (and within the time in which Ms. Hague's was filed), Ms. Hague was free to file this response without leave of the Court, and the Court has considered her response. Because it was unnecessary for Ms. Hague to seek leave before filing this response, her motion is denied as moot.

## III.    STANDARD OF REVIEW

When reviewing an ALJ's decision, it is the role of the Court "to determin[e] whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.' " *Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence" means " 'more than a mere scintilla' " of " 'relevant evidence [that] a reasonable mind might accept as adequate to support a

conclusion.' " *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

**III.     ANALYSIS**

In her Statement of Specific Errors, Ms. Hague makes two arguments in support of her efforts to reverse the ALJ's decision—1) that the ALJ failed to evaluate and weigh all medical opinions in the record and 2) that the ALJ's Residual Functional Capacity ("RFC") finding was not supported by substantial evidence. (ECF No. 8, at 6, 9.) Because the Magistrate Judge agreed with Ms. Hague's first argument, that the ALJ failed to evaluate and weigh all medical opinions in the record, she did not address the second. This Court agrees with the Magistrate Judge as to the first argument and, as a result, finds it equally unnecessary to address the second argument.

   1.     **The Report and Recommendation**

As Ms. Hague points out, the ALJ failed to evaluate and weigh three medical opinions in the record, the opinions of Drs. Meyer, Richardson, and Dietz. The Commissioner concedes this error. However, the Commissioner argues that this lack of analysis is harmless because, she says, the ALJ's RFC finding essentially adopted the analyses of all three doctors. (ECF No. 16, at 3.) The Magistrate Judge disagreed, as does this Court.

It is error for an ALJ to not explain how he "weighed the opinions of the non-examining state agency psychologists." *Morrison v. Comm'r of Soc. Sec.*, No. 1:13-CV-722, 2014 WL 7409752, at *12 (S.D. Ohio Dec. 31, 2014). Such a lack of explanation "leaves the Court unable to meaningfully review [the ALJ's] decision . . . ." *Id.* Nevertheless, a lack of explanation can be harmless error, such as when the ALJ fully adopts the conclusion of the unaddressed opinions. *See Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 840 (6th Cir. 2005). It is the burden of the plaintiff to prove that any error was not harmless. *Thomas v. Comm'r of Soc. Sec.*, No. 2:18-CV-

108, 2019 WL 642679, at *13 (S.D. Ohio Feb. 15, 2019), *report and recommendation adopted,* No. 2:18-CV-108, 2019 WL 2414675 (S.D. Ohio June 7, 2019) (" 'The burden of showing harmfulness is normally on the party attacking an agency's determination.' " (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009))).

The Magistrate Judge rightfully focused on the opinion of Dr. Richardson (the "Opinion"). As was explained and quoted above, Dr. Richardson concluded, and Dr. Dietz agreed, that Ms. Hague could work in an environment where she had only "superficial" contact with others and where she had "little over the shoulder supervision." In contrast, the ALJ's RFC finding limited Ms. Hague to jobs where she had only "incidental interaction with the public and occasional interaction with coworkers and supervisors and no over the shoulder supervision" and that she be "limited to jobs where the individual's job responsibilities are accomplished without the need for close teamwork or tandem work." The Magistrate Judge concluded that the ALJ either conflated quality of contact ("superficial") with quantity of contact ("incidental" and "occasional") or ignored the quality aspect entirely. As a result, the Magistrate Judge found that "the ALJ's failure to weigh or otherwise consider the state agency opinions was not harmless error because the RFC he assessed" failed to accommodate the limitation on Ms. Hague's quality of contact with others in the workplace. (ECF No. 20, at 13.)

### 2. The Commissioner's Objections

In her objections to the R&R, the Commissioner makes two overarching arguments—first, that the Magistrate Judge incorrectly assumed that the ALJ and the Commissioner equated "superficial" and "occasional," and second, that the ALJ did account for the quality of contact limitation that the Magistrate Judge found was lacking.

As to the Commissioner's first objection, this only highlights the distinction between

7

quantity and quality of contact, a distinction that is lacking in the ALJ's decision. As the R&R points out, numerous district courts, including in this district, have pointed out the distinctions between a limitation on quality of contact and a limitation on quantity of contact. *See, e.g.*, *Danielson v. Comm'r of Soc. Sec.*, No. 3:18-CV-84, 2019 WL 1760071, at *4 (S.D. Ohio Apr. 22, 2019), *report and recommendation adopted,* No. 3:18-CV-84, 2019 WL 2011077 (S.D. Ohio May 7, 2019) (finding that hypothetical posed to vocational expert that accounted for an "occasional contact" limitation did not account for a "superficial contact" limitation and thus diminished weight of expert's opinion); *Wood v. Comm'r of Soc. Sec.*, No. 3:18-CV-76, 2019 WL 1614591, at *3 (S.D. Ohio Apr. 16, 2019), *report and recommendation adopted,* No. 3:18-CV-76, 2019 WL 1958663 (S.D. Ohio May 2, 2019) (same); *Cooper v. Comm'r of Soc. Sec.*, No. 2:18-CV-67, 2018 WL 6287996, at *4 (S.D. Ohio Dec. 3, 2018), *report and recommendation adopted,* No. 2:18-CV-67, 2019 WL 95496 (S.D. Ohio Jan. 3, 2019) ("[T]he ALJ failed to adequately explain why he limited Plaintiff to '*occasional* contact with coworkers or supervisors' instead of contact 'on a *superficial* basis [with] coworkers and supervisors' as recommended by [the state agency reviewing psychologist]." (first alteration in original)); *Hurley v. Berryhill*, No. 1:17-CV-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018) (" 'Occasional contact' goes to the quantity of time spent with the individuals, whereas 'superficial contact' goes to the quality of the interactions." (internal quotation marks omitted)). This first objection of the Commissioner is overruled.

As to the Commissioner's second overarching objection, she argues that two other components of the ALJ's decision account for Dr. Richardson's Opinion's superficiality limitation, that Ms. Hague be limited to jobs without close teamwork or tandem work and the limitation on "over the shoulder supervision." As to the former, the Court agrees that this

limitation does relate to the quality of contact in the workplace rather than the quantity. However, the ALJ's decision remains inadequate.

The Opinion speaks broadly about the need for restrictions on Ms. Hague's "ability to interact with others in a work setting." This broad restriction encompasses *everyone* with whom Ms. Hague might interact in a work setting, including supervisors, coworkers, and the public. This is consistent with Dr. Meyer's observation that Ms. Hague can only work in a "nonsocial" or "solitary" position where there is no more than "intermittent contact with coworkers and supervisors." (R. at 627.) The Opinion further specifies that Ms. Hague should only be required to relate on a superficial basis in an environment with "infrequent public contact" and with "little over the shoulder supervision." Context indicates that the Opinion's specification of "superficial" contact similarly encompasses all workplace contacts (i.e., supervisors, coworkers and the public).

The ALJ's decision, however, is less all-encompassing. The ALJ's limitations as to close teamwork, tandem work, and "over the shoulder supervision" may well provide adequate limitations on the quality of contact between Ms. Hague and potential coworkers and supervisors. However, they say nothing about the quality of contact between Ms. Hague and the public. Rather, the ALJ's decision only provides a limitation on the *quantity* of contact with the public but provides no limitation on the *quality* of contact with the public.

As a result, it is unnecessary to determine whether the Magistrate Judge was correct in her interpretation of "over the shoulder supervision" (ECF No. 20, at 11-12), which the Commissioner disputes (ECF No. 21, at 7-9). The Court does not adopt this aspect of the R&R relating to the "over the shoulder supervision" on pages 11 and 12. Even assuming that "over the shoulder supervision" does constitute a limitation on supervisory quality of contact, it says

nothing about the quality of contact with the public, which is entirely missing from the ALJ's decision.

Based on the limitations provided by the ALJ, Ms. O'Brien, the vocational expert, identified "landscape worker" as a job that Ms. Hague could potentially perform. (R. at 25, 63–64.) However, Ms. O'Brien identified this job without awareness of the Opinion's limitation on superficial contact with the public. As a result, this conclusion is worth little weight. *See Pasco*, 137 F. App'x at 845 ("Substantial evidence may be produced through reliance on the testimony of a VE in response to a hypothetical question, but only 'if the question accurately portrays [claimant's] individual physical and mental impairments.' " (quoting *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (alteration in original))). After all, while landscape workers may interact infrequently with their customers, even one interaction with a picky customer can be extensive (i.e., far from superficial).

The ALJ's decision neither accounts for the Opinion's limitation on superficial contact with the public nor explains its decision to disregard it. To allow the ALJ to both discount this limitation while failing to mention why, despite a regulation requiring the Commissioner to explain the weight he gave to the Opinion, "would afford the Commissioner the ability [to] violate the regulation with impunity and render the protections promised therein illusory." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004).

Accordingly, the Court finds, as did the Magistrate Judge, that the ALJ's failure to explicitly weigh the Opinion was not harmless error based on the failure to account for all of the Opinion's limitations. The Court concludes that the ALJ failed to comply with Social Security regulations, and the error was not harmless. The Commissioner's second objection is overruled. The Court **SUSTAINS** the first argument outlined in Plaintiff's Statement of Specific Errors.

Because the Court now sustains Plaintiff's first objection, it is unnecessary to consider the second.

IV.     **CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Commissioner's Motion for Leave to File *Instanter* (ECF No. 22) and **GRANTS** Ms. Hague's Motion for Leave to File a Supplemental Response to the Commissioner's Motion (ECF No. 25) but **DENIES** Ms. Hague's Motion for Leave to File a Response to the Commissioner's Objections to the R&R as moot. (ECF No. 25).

Based upon the foregoing, and pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, after a *de novo* determination of the record, this Court concludes that Plaintiff's objection to the ALJ's decision has merit. The Court, therefore, **SUSTAINS** Plaintiff's Statement of Specific Errors (ECF No. 8) as to the first issue raised; **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20), as modified here; **OVERRULES** The Commissioner's objections to the R&R (ECF No. 21); and **REVERSES** the Commissioner's decision and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Order. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Order and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE